**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-10047
No. 95-10076
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

HECTOR ALFREDO MARTINEZ,

Defendant-Appellant.

* * * * * * * * *

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAIRO MARTINEZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(3:94-CR-043-R)

(May 21, 1996)

Before WIENER, PARKER and DENNIS, Circuit Judges.

Per curiam:*

Appellants Jairo Martinez and Hector Martinez challenge their convictions based the district court's refusal to allow them to withdraw their guilty pleas at the sentencing hearing. We affirm.

Hector Martinez argues that the district court should have allowed him to withdraw his plea of guilty because he repudiated the plea before it was formally accepted by the district court. He did not make this argument before the district court. Hector Martinez sought to withdraw his plea to misprision of a felony on the ground he had not engaged in the related conspiracy. We find no plain error in the district court's refusal to allow appellant to withdraw his plea. *See United States v. Calverly*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc), *cert. denied*, 115 S. Ct. 1266 (1995).

Jairo Martinez argues that the district court should have allowed him to withdraw his plea of guilty because his counsel failed to advise him that an amendment to the sentencing guidelines, which became effective after he entered his plea, made his plea bargain less desirable. Unlike Hector Martinez, Jairo Martinez addressed his claim to the district court. When, as here, a defendant is aware of his potential prison term, his plea is not involuntary simply because he misunderstands the Sentencing Guidelines' effect upon the computation of his sentence. *United States v. Young*, 981 F.2d 180, 184 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 2454, 2983 (1993). We find no abuse of discretion in the district court's denial of Jairo Martinez's motion to withdraw his plea.

Finally, Jairo Martinez argues that double jeopardy bars his

---

* Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

2

prosecution because he stipulated to a forfeiture pursuant to 21 U.S.C. § 881(a)(6).  This contention is without merit.  *See United States v. Tilley*, 18 F.3d 1295 (5th Cir.), *cert. denied*, 115 S. Ct. 573 (1994).

For the foregoing reasons, the convictions of Hector Martinez and Jairo Martinez are AFFIRMED.